**Jimmy Darrell SCOTT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**Nos. J–77–517 to J–77–519.**

Court of Criminal Appeals of Oklahoma.

Aug. 29, 1977.

Andrew M. Coats, Dist. Atty., Oklahoma City, for the State.

Steven A. Novick, James H. Hiatt and Stan L. Foster, Oklahoma City, for appellant.

## CONSOLIDATED ORDER AFFIRMING CERTIFICATION

Jimmy Darrell Scott, hereinafter referred to as Appellant, filed his petition in error in this Court appealing from three orders of the Juvenile Division of the Oklahoma County District Court certifying him to stand trial as an adult on three charges for the commission of felony offenses: JF–77–784, Robbery with Firearms; JF–77–785, Kidnapping; and JF–77–786, Murder in the First Degree. On May 18, 1977, a hearing was held in the Juvenile Court at which the three charges were consolidated for the purpose of said hearing. That hearing was

held before the Honorable Stewart Hunter, District Judge. The Juvenile was represented by Mr. Jim Hiatt and Mr. Steve Novick, Legal Aid Attorneys. The State was represented by Mrs. Roma McElwee. For the purposes of this appeal, Appellant filed a motion to consolidate the three charges into one appeal, and a motion to stay further proceedings in the District Court. On July 20, 1977, this Court entered an order consolidating the appeals, granting Appellant until August 1, 1977, to file a supplemental brief, but denied the motion to stay the preliminary examination and granted a further stay of proceedings after the preliminary examination.

In accordance with the provisions of 10 O.S.1974 Supp., § 1112, each of the orders of certification entered in each case reflects the following:

1. *The seriousness of the offense.* Armed Robbery, Kidnapping, and Murder in the First Degree are the most serious offenses known in the community.

2. *The manner in which the offense was committed.* The Robbery with Firearms, Kidnapping and Murder were committed in a premeditated, wilful, aggressive, violent manner.

3. *Whether the offense was against persons or property.* The Robbery was an offense against person as well as property. The Kidnapping was against a person, and the Murder was an offense against person from which death resulted.

4. *Whether there is prosecutive merit to the charge.* There is prosecutive merit to each charge.

5. *Whether or not there is an adult co-defendant involved.* There were two adult co-defendants involved in each charge.

6. *Sophistication and maturity.* Appellant's sophistication and maturity are compatible with his chronological age of 17 years and 8 months at the time of the alleged offense and 17 years and 10 months at the present time although his academic and language abilities are limited.

7. *Prior record.* Appellant's prior record consists of being made a ward of the Court in Canadian County in 1974 as a child in need of supervision by reason of truancy and beyond control; being made a ward of the Court in Oklahoma County as a delinquent on two counts of Second Degree Burglary, and he was placed on probation with supervision in Canadian County in 1975.

In December of 1976, he was adjudicated delinquent in Canadian County for disposition. He was placed under suspended Order of Commitment of DISRS contingent on his entering Job Corps.

8. *Likelihood of rehabilitation through procedures and facilities available to the Juvenile Division of the District Court.* The Court finds no likelihood of rehabilitation through procedures and facilities available to the Juvenile Division of the District Court for the following reasons: he will be 18 years of age in less than two months, and the Court further finds that the policy of The Department of Institutions, Social and Rehabilitative Services (DISRS), of discharging from custody all juveniles at age 18, would preclude effective rehabilitation through DISRS facilities available to the Court. The Court is aware of the language of Title 10 Section 1102, which allows the Court to retain jurisdiction until age 21, and of the language Title 10, 1139 which allows the Department to refuse to discharge delinquent males until age 21; however, because the Department must discharge delinquent females at age 18, the Court finds Section 1139(b) unconstitutional as a denial of equal protection of the law based on sex. The Court further finds that keeping jurisdiction past age 18 with no authority to place the child or enforce the Court's Order beyond the power of contempt is a useless authority.

Thereafter, on June 15, 1977, the Court entered orders certifying Appellant to stand trial as an adult in the Criminal Division of the District Court of Oklahoma County for each offense.

In his original brief, Appellant raises nine assignments of error. After considering the briefs submitted and the record made at the certification hearing,

this Court finds that Appellant was provided a full investigation and preliminary examination in accordance with the provisions set forth in *J. T. P. v. State*, Okl.Cr., 544 P.2d 1270 (1975); this Court finds there was sufficient prosecutive merit shown in each of the three cases to implicate Appellant's part therein; and we do not consider error to have been committed by admission of the in court identification of Appellant as made by Joseph Perry Priestle especially as it pertained to the Kidnapping and Robbery charge; this Court finds that the Juvenile Court did not abuse its discretion in finding Appellant to be non-amenable to rehabilitation and that the Court considered factors other than the rules of the DISRS to reach its conclusion that Appellant was beyond rehabilitation and should be certified to stand trial as an adult.

 With reference to Appellant's contention that the petition requesting the Juvenile Court to certify Appellant to stand trial as an adult was insufficient to provide notice of Appellant's amenability to rehabilitation, this Court finds that such notice was encompassed in the petition to certify Appellant and therefore Appellant's argument is misplaced, *Bruner v. Myers*, Okl.Cr., 532 P.2d 458 (1975); this Court has already found that the identification of Appellant made by Mr. Joseph Perry Priestle was properly admitted; likewise, it was not error for the Juvenile Court not to require the prosecution to elect upon which offense the certification order should be premised, and it was not error for the court to consider the Kidnapping and Armed Robbery charges at the time as arising out of a single transaction, *Dodson v. State*, Okl.Cr., 562 P.2d 916 (1977); further it was not error for the Juvenile Court to consider the protection of society in conjunction with that of the Appellant, therefore, the last two assignments of error are without merit.

NOW THEREFORE, after considering the record before this Court and the briefs submitted by Appellant and those of the Appellee, and being fully advised in the premises, this Court finds that the certification orders in Oklahoma County District Court Cases numbered JF–77–784, JF–77–785, and JF–77–786, were proper and that the said orders should be AFFIRMED; and further that the stay order entered herein should be VACATED.

IT IS SO ORDERED.

WITNESS OUR SIGNATURES, AND THE SEAL OF THIS COURT, this 29th day of August, 1977.

> (s) HEZ J. BUSSEY, PRESIDING JUDGE
>
> (s) TOM BRETT, JUDGE